UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES TINKHAM and KATHLEEN ) <br> TINKHAM ) <br> ) <br> Vs. ) <br> ) <br> JPMORGAN CHASE BANK, N.A. ) | C.A. No. 13-082M-LDA |

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO MOTION OF JOINDER

Now comes Plaintiffs and respectfully submit this Memorandum of Law in Support of their Opposition to Defendant's Motion to allow it to Join in the Consolidated Motion to Dismiss filed February 5, 2014.

Initial Statement

Defendant alleges that Plaintiffs' Complaint and the issues and allegations therein are identical to those set forth in the nine (9) cases listed in the Consolidated Motion to Dismiss. This is erroneous.

Inasmuch as the instant case does revolve around an initial mortgage granted to Washington Mutual Bank, FA ("WaMu"). It was acknowledged in Plaintiffs' Complaint in describing the recorded title history of the Plaintiffs' mortgage that WaMu was seized by the Office of Thrift Supervision and placed into receivership with the FDIC as receiver. This, too, is comparable with the other cases listed in the original Motion. Then, this matter diverges from the others.

Standard of Review

This Memorandum is filed in opposition to Defendant's Motion to Join this case to the original nine. As stated in *Hard Drive Productions, Inc. v. Does 1-188*, 809 F.Supp.2d 1150, 80

1

Fed.R.Serv.3d 642 (N.D.Cal. 2011), "Under Rule 20(a)(2), permissive joinder of defendants is proper if: " (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2). Rule 20(a)(2) is designed to promote judicial economy and trial convenience. *See Mosley v. Gen. Motors*, 497 F.2d 1330, 1332-33 (8th Cir.1974). The Supreme Court has found that " [u]nder the [Federal] Rules [of Civil Procedure], the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218.

*Wynn v. National Broadcasting Co., Inc.*, 234 F.Supp.2d 1067 (C.D.Cal. 2002) Fed.R.Civ.P. 20(a) allows for joinder of defendants in a single action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action." Thus, a party seeking joinder must assert (1) a right to relief based on the same transaction or occurrence, and (2) a common question of law or fact with respect to all parties. *See Desert Empire Bank v. Insurance Co. of No. America,* 623 F.2d 1371, 1375 (9th Cir. 1980); *Nassau Co. Ass'n of Ins. Agents v. Aetna Life & Cas. Co.,* 497 F.2d 1151, 1154 (2d Cir. 1974); *see also* 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure,* § 1653 (3d ed.2001). These requirements must be satisfied in order to *allow* for joinder under Rule 20(a), however, even if these requirements are satisfied, there is no requirement that the parties *must* be joined. "Rule 20(a) is permissive in character; joinder in situations falling within the rule's standard is not required ..." 7 Wright, Miller, & Kane, *Federal Practice and Procedure,* § 1652, at 395-96.

2

Moreover, Rule 20(b) and Rule 21 require the trial court to "examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principle of fundamental fairness." *Desert Bank,* 623 F.2d at 1375. "A determination on the question of joinder of parties lies within the discretion of the district court." *Puricelli v. CNA Insurance Co.,* 185 F.R.D. 139, 142 (N.D.N.Y.1999) (citing *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1332 (8th Cir. 1974)).

<u>Argument</u>

A quick review of the "Matrix" contained in Exhibit A attached to the consolidated Motion to Dismiss shows that in all nine cases, there was no recorded assignment from the FDIC to Chase or any other entity. Even in the Lee case where there is an allegation that the assignment is void, it would appear that the assignment complained of is the assignment from Chase to Deutsche Bank. The lack of a recorded assignment is seemingly a key component of these cases. However, in the instant case, there is in fact an assignment from the FDIC to Chase, Plaintiffs' Exhibit 1.

Plaintiffs' Complaint attacks the assignment as being unauthorized and as a result, void, note paragraphs 12, 18, and 20. While inasmuch as there are some comparable allegations in Plaintiffs' Complaint with those of the questioned nine, such as that Chase never received a sufficient interest from the FDIC to foreclose, the primary thrust of Defendant's Memorandum in Support of its Motion to Dismiss is that pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C. § 1811, *et* seq, ("FIRREA") is that contrary to the allegations in the questioned nine, there was no requirement for the FDIC to file recorded assignments following the transfer of WaMu's assets to Chase under FIRREA, *Demelo v. U.S.*

3

*Bank Nat'l Ass'n*, 727 F.3d 117 (1st Cir. 2013), cited throughout Defendant's Memorandum. As stated above, the FDIC did assign Plaintiffs' mortgage to Chase.

FIRREA has been discussed in other jurisdictions. In *Schettler v. RalRon Capital Corporation*, 275 P.3d 933, 128 Nev. Adv. Op. 20 (Nev. 2012), the court there stated that there were exceptions to not first adjudicating the issues through the FDIC's claims process. "We conclude that while FIRREA's jurisdictional bar divests a district court of jurisdiction to consider claims and counterclaims asserted against a successor in interest to the FDIC not first adjudicated through FIRREA's claims process, it does not apply to defenses or affirmative defenses raised by a debtor in response to the successor in interest's complaint for collection. " Congress enacted [FIRREA] to enable the federal government to respond swiftly and effectively to the declining financial condition of the nation's banks and savings institutions. The statute grants the FDIC, as receiver, broad powers to determine claims asserted against failed banks." *Henderson v. Bank of New England,* 986 F.2d 319, 320 (9th Cir.1993) (citing 12 U.S.C. § 1821(d)(3)(A)). To enable the FDIC's powers, " Congress created a claims process for the filing, consideration[,] and determination of claims against insolvent banks" that encourages the FDIC to quickly resolve claims without overburdening the courts. *Id.* (citing 12 U.S.C. § 1821(d)(3)-(10)). Accordingly, " [i]f [a] financial institution has failed, ... subsequent claims must be presented first to the FDIC for an administrative determination on whether they should be paid." *Aber-Shukofsky v. JPMorgan Chase & Co.,* 755 F.Supp.2d 441, 445 (E.D.N.Y.2010). The Court in *Schettler* further stated that "To begin the administrative claims process, <u>the FDIC must publish notice to creditors of the claims process and the date by which creditors must file their claims against the financial institution— the bar date. 12 U.S.C. § 1821(d)(3)(B). The FDIC must also mail such notice to any creditor shown on the institution's books and records or any</u>

creditor that the FDIC later discovers. *Id.* § 1821(d)(3)(C). [emphasis added] "Once a claim is filed, the FDIC has 180 days to determine whether to allow or disallow the claim." *Henderson,* 986 F.2d at 320 (citing 12 U.S.C. § 1821(d)(5)(A)(i)). "If the claim is disallowed, or if the 180 days expire without a determination by the FDIC, then the claimant may request further administrative consideration **[275 P.3d 937]** of the claim, or seek judicial review." *Id.* (citing 12 U.S.C. § 1821(d)(6)). *See, also*, *Thomas v. F.D.I.C, supra*.

"Convincingly, a majority of courts addressing this issue have held that while FIRREA's jurisdictional bar applies to claims and counterclaims, it does not apply to defenses and affirmative defenses. *See, e.g., American First Federal v. Lake Forest Park,* 198 F.3d 1259, 1264 (11th Cir.1999) (noting that the " circuit courts that have addressed the question have held that affirmative defenses are not subject to the requirements of exhaustion under [FIRREA's jurisdictional bar]" ); *Bolduc v. Beal Bank, SSB,* 167 F.3d 667, 671 (1st Cir.1999); *Tri-State Hotels, Inc. v. F.D.I.C.,* 79 F.3d 707, 715 (8th Cir.1996); *Resolution Trust Corp. v. Love,* 36 F.3d 972, 977 (10th Cir.1994) (" Significantly, the statute never uses the term ' defense', ' affirmative defense' or ' potential affirmative defense.' " ); *National Union Fire Ins. v. City Sav., F.S.B.,* 28 F.3d 376, 393 (3d Cir.1994); *Resolution Trust v. Midwest Fed. Sav. Bank,* 36 F.3d 785, 793 (9th Cir.1993)."

Plaintiffs' complaint plainly delineates defenses to the foreclosure process, not claims against Defendant. It would appear at first blush that FIRREA's primary import was to protect financial institutions, purchasing assets from the FDIC, from monetary claims existing against the original failed institutions.

The court in *National Union, supra*, stated that FIRREA's jurisdictional bar only applies to four categories of actions: (1) claims for payment from assets of any depository institution for

which the [FDIC] has been appointed receiver; (2) actions for payment from assets of such depository institution; (3) actions seeking a determination of rights with respect to assets of such depository institution; and (4) a claim relating to any act or omission of such institution or the [FDIC] as receiver. *National Union,* 28 F.3d at 393. The court held that these categories did not include a defense or an affirmative defense because those are " neither an 'action' nor a ' claim,' but rather ... a *response* to an action or a claim." *Id.* Therefore, it held, " [t]he jurisdictional bar contained in § 1821(d)(13)(D) ... does not apply to defenses or affirmative defenses." *Id.* To support its conclusion, the court explained that interpreting FIRREA's jurisdictional bar to include defenses and affirmative defenses "would, in a substantial number of cases, ... result in an unconstitutional deprivation of due process." *Id.* at 394. Specifically, " [i]f parties were barred from presenting defenses and affirmative defenses to claims which have been filed against them, they would not only be unconstitutionally deprived of their opportunity to be heard, but they would invariably lose on the merits of the claims brought against them." *Id.* Beyond constitutional concerns, the court also explained that because a defendant is unable to know what his or her defense will be before hearing the claim, " it seems that it would be nearly impossible for a party to submit future hypothetical defenses to the administrative claims procedure— defenses to lawsuits which may not yet have [been] brought against [a party] or which may never be brought at all." *Id.* at 395. *See, also, Fed. Deposit Ins. Corp. v. Updike Bros., Inc.,* 814 F.Supp. 1035, 1038 (D.Wyo.1993).

The Court in *Thomas v. F.D.I.C.*, 255 P.3d 1073 (Colo. 2011), stated, "Several courts have marveled at the complexity of FIRREA. *See, e.g., Marquis v. Fed. Deposit Ins. Corp.,* 965 F.2d 1148, 1151 (1st Cir.1992) (FIRREA's text is " a veritable jungle of linguistic fronds and brambles." ); *Guidry v. Resolution Trust Corp.*, 790 F.Supp. 651, 653 (E.D.La.1992) (" [T]he

statute makes the Internal Revenue Code look like a first grade primer." ); *Armstrong v. Resolution Trust Corp.,* 157 Ill.2d 49, 191 Ill. Dec. 46, 623 N.E.2d 291, 295 (1993) (FIRREA is "a veritable Escher print set to words, complete with waterfalls that flow backwards." ). However, complexity is not ambiguity. As discussed below, our analysis of the statute's language and structure satisfies us that the administrative claims process is mandatory even for pre-receivership claims, and that a claimant's failure to pursue or exhaust FIRREA's administrative remedies divests a court of continuing jurisdiction over pre-receivership claims." Yet, the discussion pertains solely to pre-receivership claims.

Notwithstanding the dicta in Demelo v. U.S. Bank Nat'l Ass'n, 727 F.3d 117 (1st Cir. 2013), Plaintiffs received no notice of FIRREA's administrative remedies, nor were they even aware of any defects in their chain of title until they were threatened with foreclosure. Their only notice was from the Defendant that their mortgage was now owned by JPMorgan Chase. To foreclose any rights to contest defects in their chain of title at this juncture is a clear deprivation of their Fourteenth Amendment Due Process rights.

While it is obvious that the Plaintiffs were not "known creditors or claimants" to the FDIC, there is still an obligation that they be notified of the FIRREA administrative process once their claim becomes know. This lack of notice issue was not resolved in DeMelo, which also in its dicta on this issue speaks of "claims" and not defenses.

## Conclusion

Based upon the foregoing, it is apparent that in the instant case the Complaint and the allegations therein are distinguishable from those listed in the Motion to Dismiss (the questionable nine). Accordingly, Defendant's Motion to Join this case into the Motion to Dismiss should be denied.

          James Tinkham and
          Kathleen Tinkham
          By their Attorneys

          /s/ Keven A. McKenna, #0662
          Keven A. McKenna
          23 Acorn Street
          Providence, RI 02903
          (401) 273-8200
          (401) 521-5820 (fax)
          kevenm@kevenmckennapc.com

Dated March 13, 2014

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 13, 2014.

          /s/ Keven A. McKenna